# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FLORETHIA CLEMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-1095-CEJ |
| ) | |
| MYRTLE HILLIARD DAVIS ) | |
| COMPREHENSIVE HEALTH ) | |
| CENTERS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Florethia Clemons for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who

is immune from such relief.  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Liberally construing the complaint, plaintiff is bringing this action against defendant Myrtle Hilliard Davis Comprehensive Health Centers, Inc., pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and the Missouri Human Rights Act (MHRA), Mo. Rev. St. § 213.010, *et seq*.  Plaintiff has included with the complaint a copy of her right-to-sue letters from the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR).[1]

---

[1]According to the MCHR right-to-sue letter, plaintiff's charge of discrimination"was dual-filed with the Equal Employment Opportunity Commission . . . and the Missouri Commission on Human Rights."

## Discussion

To maintain a Title VII claim in Federal Court, an aggrieved employee is required to file suit within ninety days after receipt of the EEOC right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). Cases filed after the ninety-day limitations period must be dismissed as untimely. *Williams v. Thomson Corp.*, 383 F.3d 789, 790-91 (8th Cir. 2004) (per curiam). Plaintiff's EEOC right-to-sue letter is dated January 30, 2012. Plaintiff filed the instant action on June 15, 2012. As such, it appears that this action was filed beyond the ninety-day limitation period for filing a Title VII claim in federal court. Nevertheless, the Court will give plaintiff the opportunity to present reasons as to why her Title VII claim should not be dismissed as time-barred.

If it is determined that plaintiff's Title VII claim should be dismissed, then the Court may lack jurisdiction over her MHRA claim. It is not clear whether there are facts supporting jurisdiction based on diversity of citizenship in this case. *See* 28 U.S.C. § 1332(a)(federal district court has jurisdiction where matter in controversy is between citizens of different States and exceeds the sum or value of $75,000, exclusive of interest and costs). To enable the Court to determine whether diversity jurisdiction exists, plaintiff will be directed to file an amended complaint on a form provided by the Clerk of Court, setting forth information about the citizenship of the parties and the amount in controversy.

The Court cautions plaintiff that the statute of limitations is now running on her state MHRA claim.[2] If the plaintiff does not wish to assert her MHRA claim in the federal court, she may consider filing it in the appropriate state court within the time period set forth in the MCHR notice-of-right-to-sue letter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **granted**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that plaintiff shall have until **July 16, 2012**, to show cause in writing why her Title VII claim should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that plaintiff shall have until **July 16, 2012** to file an amended complaint. In the amended complaint, plaintiff shall set forth (1) the State in which she is a citizen; (2) the State in which defendant is a citizen; and (3) the sum or value of the matter in controversy in this action. **Plaintiff is advised that the amended complaint will replace, in its entirety, the original complaint and will be the only pleading this Court considers**.

---

[2] Claims brought under the MHRA "shall be filed within ninety days from the date of the commission's notification letter to the individual." Mo. Rev. Stat. § 213.111(1). Any claims filed after the ninety-day limitations period runs must be dismissed as untimely. *Hammond v. Municipal Correction Institute*, 117 S.W. 3d 130, 138 (Mo.Ct.App. 2003)(statutes of limitation contained in the Missouri Human Rights Act are strictly construed). In the instant case, plaintiff's MHRA right-to-sue letter was issued on May 9, 2012 [Doc. #1-2].

**IT IS FURTHER ORDERED** that the Clerk of Court shall send plaintiff an "Employment Discrimination Complaint" form.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed without further notice to her.

Dated this 27th day of June, 2012.

_____
UNITED STATES DISTRICT JUDGE